UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 2:00-cr-37-FTM-29DNF

NORRIS WILLIAMS
_____

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Terms of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #139), filed on May 22, 2008.[1]  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

Title 18 U.S.C. § 3582(c) gives the Court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of

---

[1] Defendant had previously filed a letter (Doc. #134) on April 18, 2008, which the Court construed as a motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Term of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c) and Amendment 706 and denied.  Defendant has an appeal pending, asserting that the Court erred in so construing the letter.  The Court will consider the instant motion *de novo*.

>imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[2]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

---

[2]<u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

2

In this case defendant is not eligible for a sentence reduction because the application of Amendment 706 does not have the effect of lowering his applicable guideline range.

At the original sentence, defendant was held accountable for 4.7 kilograms of cocaine base. The Base Offense Level for the 4.7 kilograms of cocaine base was Base Offense Level 38, and with a three level downward adjustment for acceptance of responsibility defendant's Total Offense Level was 35. The Court granted the government's motion for a downward departure based on substantial assistance, and departed to level 30. Defendant's Criminal History Category was Category VI, and the resulting Sentencing Guideline range was 168 to 210 months. Defendant was sentenced to 168 months imprisonment.

Applying Amendment 706, the Court determines that defendant's Base Offense Level remains at 38. The new amendment did not reduce the Base Offense Level for quantities of cocaine base of 4.5 kilograms or more. See U.S.S.G. § 2D1.1(c) Drug Quantity Table. Therefore, even allowing the same adjustments and departures as previously determined, defendant's Sentencing Guidelines range is not lowered by the new amendment. Since the Base Offense Level is not affected by the application of the amendment, a reduction cannot be made pursuant to Amendment 706.

Defendant also asserts that the Court should take this opportunity to reduce the sentence pursuant to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S.

Ct. 558 (2007). The Court declines to do so. Proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a *de novo* resentencing. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000); United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997). The Court does not re-examine the other sentencing determinations made at the original sentencing. Cothran, 106 F.3d at 1562-63; Bravo, 203 F.3d at 781. Additionally, the Eleventh Circuit has already stated that "Booker is inapplicable to § 3582(c)(2) motions." Moreno, 421 F.3d at 1220; United States v. Alebord, 256 Fed. Appx. 255 (11th Cir. 2007).

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to reduce a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no other basis for jurisdiction to modify or vacate the

4

sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion Under 18 U.S.C. § 3582(c)(2) to Modify or Reduce Terms of Imprisonment Pursuant to U.S.S.G. § 1B1.10(c), Amendment 706, Effective March 3, 2008 (Doc. #139) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge


Copies:
AUSA Molloy
Norris Williams
U.S. Probation
U.S. Marshal